IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Purinton, | ) | C/A No. 0:20-3296-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. | ) | **FROM THE SOCIAL SECURITY** |
| | ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social Security Administration, | ) | **SOCIAL SECURITY BENEFITS** |
| | ) | ☐ Affirmed |
| Defendant. | ) | ☒ Reversed and Remanded |
| | ) | |

  This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒  Supplemental Security Income ("SSI"): Plaintiff's age at filing: <u>26</u>

☒  Disability Insurance Benefits ("DIB"): Date last insured: <u>March 31, 2019</u>

☐  Other:

Application date: <u>November 1, 2018</u>

Plaintiff's Year of Birth: <u>1992</u>

Plaintiff's alleged onset date: <u>August 3, 2018</u>

**Part II—Social Security Disability Generally**

  Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

  A claimant has the initial burden of showing that he/she is unable to return to past relevant work because of his/her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v.

Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  February 12, 2020

In applying the requisite five-step sequential process, the ALJ found:

Step 1:    Plaintiff was engaged in substantial gainful activity during the relevant time period:
☐ Yes  ☒ No

Step 2:    ☒ Plaintiff has the following severe impairments:

bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), and panic disorder.

☐ Plaintiff does not have a severe impairment.

Step 3:    ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4:    Plaintiff's Residual Functional Capacity is as follows:

[T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:  the claimant can perform detailed but not complex tasks for two-hour blocks of time with normal rest breaks during an eight-hour workday; he can perform low stress work, defined as occasional decision making and occasional changes in the work setting; furthermore, he can have occasional interaction with the general public.

☐ Plaintiff could return to his/her past relevant work.

Step 5:    ☐ Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2.

☒ Plaintiff could not return to his/her past relevant work, but there are jobs in the national economy that Plaintiff can perform, as follows:

| Job Title | DOT # | Exertion & Skill Level | Number of Jobs in the National Economy |
|---|---|---|---|
| Cook's helper | 317.687-010 | Medium, SVP 2 | 79,000 |
| Document scanner | 207.685-014 | Light, SVP 2 | 19,000 |
| Food service worker at a hospital | 319.677-014 | Medium, SVP 2 | 49,000 |

Date of Appeals Council decision:  August 17, 2020

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).

"Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

I.      Did the ALJ commit reversible error by failing to properly account for Plaintiff's moderate limitations in concentration, persistence, and/or pace in his residual functional capacity?

II.     Did the ALJ commit reversible error by failing to properly account for Plaintiff's need for restrictions in interacting with coworkers and supervisors?

III.    Did the ALJ commit reversible error by failing to properly evaluate whether Plaintiff met a mental listing?

**Oral Argument:**

☒ **Held on** <u>July 26, 2021</u>.

☐ **Not necessary for disposition.**

**Summary of Reasons**

Although Plaintiff raises several issues for this judicial review, the court finds that remand is warranted on the second issue and therefore addresses that issue first.

A claimant's residual functional capacity is "the most [a claimant] can still do despite [his] limitations" and is determined by assessing all of the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In assessing residual functional capacity, an ALJ should scrutinize "all of the relevant medical and other evidence." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). Social Security Ruling 96-8p further requires an ALJ to reference the evidence supporting her conclusions with respect to a claimant's residual functional capacity. Further, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the

ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original); see also Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016).

Here, in performing the residual functional capacity assessment, the ALJ failed to identify sufficient evidence that supports his conclusion and failed to "build an accurate and logical bridge from [that] evidence to his conclusion." Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (quoting Mascio, 780 F.3d at 636 and Monroe, 826 F.3d at 189); see also Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020). The ALJ found that Plaintiff was limited to occasional interaction with the general public in determining Plaintiff's residual functional capacity. However, the ALJ did not explain how he arrived at Plaintiff's interaction limitations, much less how he found a limitation was warranted in interacting with the general public without also limiting Plaintiff's interaction with co-workers and supervisors. Notably, at Steps Two and Three of the sequential process, the ALJ found Plaintiff had moderate limitations in interacting with others. Moreover, as pointed out by Plaintiff, the state agency reviewers opined that Plaintiff would have moderate limitations in accepting instructions and responding appropriately to criticism from supervisors and in getting along with coworkers and peers without distracting them or exhibiting behavioral extremes. (Tr. 80, 93, 104). They also determined that Plaintiff would have moderate limitations in interacting appropriately with the general public and would function best in occupational settings with reduced social stimulation in the workplace and could tolerate infrequent/casual interactions with co-workers, supervisors, and the public. (Tr. 79, 80, 93, 104). The ALJ stated that he found these opinions were not persuasive because he determined that Plaintiff had greater limitations based upon Plaintiff's testimony at the administrative hearing. (Tr. 27.) However, contrary to this statement, the ALJ's residual functional capacity assessment

included fewer limitations as far as Plaintiff's interactions were concerned. No other reasons were offered by the ALJ for finding these opinions not persuasive.

Additionally, the court finds that this error is not harmless. Therefore, remand is warranted to further consider and discuss Plaintiff's mental limitations.[1] See Mascio, 780 F.3d at 636 (agreeing that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review") (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)) (alterations in original).

## ORDER

☐     **Affirmed. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☒     **Reversed and remanded pursuant to ☒ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) for further consideration consistent with this Order and for the reasons stated on the record.**

☐     **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

_____
July 30, 2021                                        Paige J. Gossett
Columbia, South Carolina                 UNITED STATES MAGISTRATE JUDGE

---

[1] The court expresses no opinion as to whether further consideration of the evidence by the ALJ should necessarily lead to a finding that Plaintiff is ultimately entitled to benefits. Further analysis and discussion may well not change the ALJ's conclusion on this point. Further, in light of the court's order that this matter be remanded for further consideration, the court need not address Plaintiff's remaining arguments, as they may be rendered moot on remand. See Boone v. Barnhart, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). Moreover, if necessary, Plaintiff may present his remaining arguments concerning the ALJ's alleged errors on remand.